```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAIJ, INC. d/b/a GENADEEN CATERERS,
Individually and on Behalf of All
Others Similarly Situated,
                                              ORDER STAYING CASE
                       Plaintiff,             20-CV-2739 (JS)(SIL)

        -against-

WESCO INSURANCE COMPANY and AMTRUST
FINANCIAL,

                       Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:         Mark S. Reich, Esq.
                       Levi & Korsinsky, LLP
                       55 Broadway, 10th Floor
                       New York, New York 10006

                       Samuel H. Rudman, Esq.
                       Robbins Geller Rudman & Dowd LLP
                       58 South Service Road, Suite 200
                       Melville, New York 11747

                       Christopher A. Seeger, Esq.
                       Stephen Andrew Weiss, Esq.
                       Seeger Weiss, LLP
                       One William Street,
                       New York, New York 10004

                       James E. Cecchi, Esq.
                       Lindsey H. Taylor, Esq.
                       Carella, Byrne, Cecchi, Olstein, Brody
                       & Agnello, P.C.
                       5 Becker Farm Road
                       Roseland, New Jersey 07068


For Defendants:
Wesco Insurance Co. &  Sean Thomas Keely, Esq.
AmTrust Financial      Freeborn & Peters LLP
                       230 Park Avenue, Suite 630
                       New York, New York 10169

                       James J. Boland, Esq.
```

> Freeborn & Peters LLP
> 311 South Wacker Drive, Suite 3000
> Chicago, Illinois 60606

SEYBERT, District Judge:

**WHEREAS**, this case is one of thousands of cases filed in state and federal courts across the country involving the application of commercial property insurance policies to losses incurred as a result of various state-wide closure orders due to the COVID-19 pandemic.  See Covid Coverage Litigation Tracker, INSURANCE LAW CENTER, https://cclt.law.upenn.edu/ (last visited Sept. 13, 2021);

**WHEREAS**, Plaintiff DAIJ, Inc. ("Plaintiff"), a caterer that rents ballroom and kitchen space from a Sephardic Temple in Cedarhurst, New York, commenced this class action against AmTrust Financial and its insurance company subsidiary Wesco Insurance Co. ("Wesco" and together with AmTrust Financial, "Defendants") after Defendants disclaimed coverage under the Plaintiff's all risk commercial property policy (the "Policy") for losses Plaintiff incurred as a result of New York State closure orders that forced the Sephardic Temple to temporarily close.  (Compl., ECF No. 1.);

**WHEREAS**, the Policy includes three standard provisions relevant to the issues in this case: (1) the Business Income Provision; (2) the Civil Authority Provision; and (3) the Virus Exclusion.  (Id. ¶¶ 37-41.);

**WHEREAS**, under the Business Income Provision and related Extra Expense clause Wesco agrees to pay for actual loss sustained due to the suspension of business operations "caused by direct <u>physical loss of or damage to property</u>." (<u>Id.</u> ¶ 37 (emphasis added).);

**WHEREAS**, the Civil Authority Provision obligates Wesco to pay "the actual loss of Business Income [the insured] sustain[s] and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that . . . (1) [a]ccess to the area immediately surrounding the damaged property is prohibited as a result of the damage . . . and (2) [t]he action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage." (<u>Id.</u>);

**WHEREAS**, the Virus Exclusion excludes losses caused by "[a]ny virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness or disease." (<u>Id.</u> ¶ 39.);

**WHEREAS**, Plaintiff seeks a declaratory judgment that Plaintiff's (and other class member's) losses are covered by the Policy's Business Income Provision and related Extra Expense clause and/or Civil Authority Provision, as well as damages for breach of the Policy. (<u>See generally</u> <u>id.</u> ¶¶ 60-105.);

**WHEREAS**, Defendants filed a motion to dismiss the Complaint for failure to state a claim, (see Defs. Mot., ECF No. 21; Defs. Br., ECF No. 22; Defs. Reply, ECF No. 30), which Plaintiff opposed (see Pl. Opp., ECF No. 24);

**WHEREAS**, in its memorandum of law in support of its motion to dismiss, Defendants argue Plaintiff is not entitled to coverage under the Business Income Provision, because that provision is triggered only where the interruption to the policyholder's business causes "direct physical loss of or damage to" the insured property, which under controlling New York law "requires tangible, physical damage to that property," which Plaintiff has not alleged here.  (Defs. Br. at 7 (citing Roundabout Theatres Co. v. Continental Cas. Co., 302 A.D. 1, 7 (N.Y. App. Div. 1st Dep't 2002).);

**WHEREAS**, Defendants argue further that that Plaintiff's claim for coverage under the Civil Authority Provision fails for similar reasons -- just as the Complaint fails to allege physical damage to Plaintiff's property, it fails to allege damage to any surrounding property or that it is unable to access its property as a result of any such damage.  (Id. at 9-10.);

**WHEREAS**, Defendants maintain that even if the government closure orders triggered coverage under the Policy, the Virus Exclusion excludes coverage.  (Id. at 10-11.);

**WHEREAS**, Plaintiff argues in response that Defendants' interpretation of "direct physical loss of or damage to property," is incorrect under "well-settled principles of insurance policy interpretation under New York law"; the Roundabout Theatres decision "is demonstrably incorrect and contrary to law"; and the Court should follow the interpretation adopted by certain district courts outside the Second Circuit that accords meaning to the word "loss" that is distinct from the meaning attributed to "damage." (Pl. Opp. at 6-15.);

**WHEREAS**, Plaintiff further argues that coverage is appropriate under the Civil Authority Provision for the same reasons it is appropriate under the Business Income Provision and that, in any event, the application of the Civil Authority Provision is not appropriate for a motion to dismiss because, without discovery, the Court will not be able to conclude whether surrounding businesses suffered loss of property as a result of the closure orders. (Id. at 15-16.);

**WHEREAS**, Plaintiff disputes that the Virus Exclusion applies, when interpreting the Policy as a whole, because that clause cross-references another exclusion relating to fungus and wet/dry rot. (Id. at 16-20.);

**WHEREAS**, in a substantially similar case, 10012 Holdings, Inc. v. Sentinel Ins. Co., 20-CV-4471, 507 F. Supp. 3d 482 (S.D.N.Y. Dec. 15, 2020), filed in the Southern District of

New York, the plaintiff brought suit against its insurance carrier after it sought and was denied coverage for losses incurred in the wake of New York State closure orders, which caused the plaintiff to suspend its art gallery operations. Id. at 484-85;

**WHEREAS**, 10012 Holdings involves litigation over the application of provisions in the plaintiff's business property insurance policy, namely, the business income, extra expense, and civil authority provisions, to business interruption caused by COVID-19-related closure orders that are identical or substantially similar to the Policy provisions at issue in the present action, and therefore presents legal issues that overlap with those in the present action. See id. at 486-88 (interpreting "Business Income" provision that covers business interruption where the policyholder's business is suspended by "direct physical loss of or physical damage to property"); id. at 488-89 (interpreting similar "Civil Authority" provision);

**WHEREAS**, the district court in 10012 Holdings dismissed with prejudice the plaintiff's complaint, finding the plaintiff was not entitled to coverage under its policy. Id.;

**WHEREAS**, Plantiff appealed the district court's decision to the Second Circuit, where it remains pending. See 10012 Holdings, Inc. v. Hartford Fire Ins. Co., 21-CV-80 (2d Cir. Jan. 14, 2021) (appeal docketed);

**WHEREAS**, on September 2, 2021, the Second Circuit heard oral argument on the plaintiff's appeal in 10012 Holdings;

**WHEREAS**, the Second Circuit's decision in 10012 Holdings is likely to have a significant impact on the disposition of the issues presented in the present action;

**WHEREAS**, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936));

**WHEREAS**, district courts in this Circuit frequently exercise the power to stay proceedings pending resolution of controlling higher court decisions. See, e.g., Delgado v. N.J. Transit Rail Operations, 329 F.R.D. 506 (S.D.N.Y. 2019); Thompson v. Fluent, Inc., No. 20-CV-2680, 2020 WL 8642144, at *3 (S.D.N.Y. Nov. 29, 2020); Key v. Cuomo, No. 20-CV-3533, 2020 WL 6554934, at *1 (S.D.N.Y. May 11, 2020); Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 630 F. Supp. 2d 295, 307 (S.D.N.Y. 2009); Bureau of Consumer Fin. Prot. v. Forster & Garbus LLP, 19-CV-2928, (E.D.N.Y. July 23, 2021) (electronic order) (Seybert, J.); and,

**WHEREAS**, the Court finds, in the interests of judicial economy and efficiency, that a stay pending the Second Circuit's decision in <u>10012 Holdings</u> is warranted in the present action.

**Accordingly, IT IS HEREBY ORDERED** that all proceedings in the present action are STAYED pending the Second Circuit's decision in <u>10012 Holdings</u>;

**IT IS FURTHER ORDERED** that the Clerk of the Court is respectfully directed to ADMINSITRATIVELY TERMINATE the pending motion to dismiss (ECF No. 21), without prejudice to the Defendants seeking its reinstatement upon the Circuit Court rendering its decision in <u>10012 Holdings</u>;

        **SO ORDERED.**

          /s/ JOANNA SEYBERT  
        Joanna Seybert, U.S.D.J.

Dated:    September <u>13</u>, 2021  
           Central Islip, New York