```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAIJ, INC. d/b/a GENADEEN CATERERS,
Individually and on Behalf of All
Others Similarly Situated,
                                                    ORDER
                        Plaintiff,        20-CV-2739 (JS)(SIL)

        -against-

WESCO INSURANCE COMPANY and AMTRUST
FINANCIAL,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Mark S. Reich, Esq.
                        Levi & Korsinsky, LLP
                        55 Broadway, 10th Floor
                        New York, New York 10006

                        Samuel H. Rudman, Esq.
                        Robbins Geller Rudman & Dowd LLP
                        58 South Service Road, Suite 200
                        Melville, New York 11747

                        Christopher A. Seeger, Esq.
                        Stephen Andrew Weiss, Esq.
                        Seeger Weiss, LLP
                        One William Street,
                        New York, New York 10004

                        James E. Cecchi, Esq.
                        Lindsey H. Taylor, Esq.
                        Carella, Byrne, Cecchi, Olstein,
                        Brody & Agnello, P.C.
                        5 Becker Farm Road
                        Roseland, New Jersey 07068

For Defendants:         Sean Thomas Keely, Esq.
                        Freeborn & Peters LLP
                        230 Park Avenue, Suite 630
                        New York, New York 10169

                        James J. Boland, Esq.
                        Freeborn & Peters LLP
```

311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

SEYBERT, District Judge:

**WHEREAS**, this case is one of thousands of cases filed in state and federal courts across the country involving the application of commercial property insurance policies to losses incurred as a result of various state-wide closure orders due to the COVID-19 pandemic. See Covid Coverage Litigation Tracker, INS. L. CTR., https://cclt.law.upenn.edu/ (last visited Feb. 7, 2022);

**WHEREAS**, Plaintiff DAIJ, Inc. ("Plaintiff"), a caterer that rents ballroom and kitchen space from a Sephardic Temple in Cedarhurst, New York, commenced this class action against AmTrust Financial and its insurance company subsidiary Wesco Insurance Co. ("Wesco" and together with AmTrust Financial, "Defendants") after Defendants disclaimed coverage under Plaintiff's all-risk commercial property policy (the "Policy") for losses Plaintiff incurred as a result of New York State closure orders that forced the Sephardic Temple to temporarily close. (Compl., ECF No. 1.);

**WHEREAS**, Defendants filed a motion to dismiss the Complaint for failure to state a claim, (see Defs. Mot., ECF No. 21; Defs. Br., ECF No. 22; Defs. Reply, ECF No. 30), which Plaintiff opposed (see Pl. Opp'n, ECF No. 24);

**WHEREAS**, by order dated September 13, 2021, this Court administratively terminated Defendants' motion to dismiss and

stayed all proceedings in this action pending the Second Circuit's resolution of an appeal in a substantially similar case, 10012 Holdings, Inc. v. Sentinel Ins. Co., 20-CV-4471, 507 F. Supp. 3d 482 (S.D.N.Y. Dec. 15, 2020), aff'd, No. 21-CV-80, 2021 WL 6109961 (2d Cir. Dec. 27, 2021), wherein the district court dismissed the plaintiff's complaint with prejudice, finding that the plaintiff was not entitled to coverage for losses resulting from COVID-19-related closure orders under policy provisions that are identical or substantially similar to the policy provisions at issue in this case;

**WHEREAS**, the Second Circuit affirmed the district court in 10012 Holdings, finding that the plaintiff was not entitled to coverage under any of the policy provisions at issue. 10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd., No. 21-CV-80, 2021 WL 6109961 (2d Cir. Dec. 27, 2021);

**WHEREAS**, on January 3, 2022, Defendants filed a motion requesting this Court (1) lift the stay in this action; (2) reinstate Defendants' motion to dismiss; and (3) grant the motion to dismiss in light of the Second Circuit's decision in 10012 Holdings (Mot., ECF No. 32);

**WHEREAS**, to date, Plaintiff has not responded to Defendants' motion to lift the stay;

**Accordingly, IT IS HEREBY ORDERED** that Defendant's motion (ECF No. 32) is GRANTED;

3

**IT IS FURTHER ORDERED** that the stay in this action is LIFTED;

**IT IS FURTHER ORDERED** that the Clerk of the Court is respectfully directed to REINSTATE the pending motion to dismiss (ECF No. 21); and

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 21) is GRANTED in light of the Second Circuit's decision in 10012 Holdings, Plaintiff's Complaint is DISMISSED WITH PREJUDICE, and the Clerk of the Court is respectfully directed to mark this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  10 , 2022
         Central Islip, New York